UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LOUISIANA MARINE OPERATORS, LLC     CIVIL ACTION NO.

VERSUS                               JUDGE

JRC MARINE, LLC, *in personam*, AND   MAGISTRATE JUDGE
M/V MISS DIXIE, OFFICIAL NO. 280525,
*in rem*

**COMPLAINT**

The complaint of Louisiana Marine Operators, LLC against JRC Marine, LLC, in personam, and the M/V MISS DIXIE, Official No. 280525, her engines, tackle, appurtenances, etc., in rem, in a cause of collision, tort and contract, civil and maritime, and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, respectfully avers, upon information and belief, as follows:

I.

At all times herein, plaintiff, Louisiana Marine Operators, LLC (hereinafter "LMO"), was and is a Louisiana limited liability company with its principal place of business in the state of Louisiana. LMO is in the business of providing maritime transportation and related services.

II.

At all times pertinent herein, upon information and belief, defendant, JRC Marine, LLC, is a foreign limited liability company organized under the law of the state of Texas, and was and now is authorized to do and doing business within the state of Louisiana and within the jurisdiction of this Honorable Court.

1

III.

Defendant vessel the M/V MISS DIXIE, Official No. 280525, an inland tow boat, was and now is within the jurisdiction of this Honorable Court and is presently berthed at Allied Shipyard, Inc., 310 Ledet Lane, Larose, Louisiana, 70373.

IV.

This is an admiralty and maritime claim within the jurisdiction of the United States and this Honorable Court within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and pursuant to Rule C of the Supplemental Rules for Admiralty.

V.

Venue is proper in this Court pursuant to 28 U.S.C. §1391 since the underlying collision occurred within the jurisdiction of this Honorable Court and the M/V MISS DIXIE is presently situated within the jurisdiction of this Honorable Court.

VI.

Upon information and belief, on or about February 13, 2019, the M/V MISS DIXIE was downbound on the Mississippi River at or near Mile 103 with several barges in tow, including but not limited to Barges-005024, 005028, 005492 and 005495.

VII.

On or about the aforesaid date, the M/V D.&R. BONEY, an inland tow boat, was owned and/or operated by Inland Marine Service, Inc., and was upbound on the Mississippi River with a barge or barges in tow.

VIII.

On the aforesaid date, the M/V MISS DIXIE and her tow collided with the M/V D.&R. BONEY and her tow.

IX.

The aforesaid collision was caused solely as a result of the fault and/or neglect of JRC or its agents and employees, for whom JRC is vicariously responsible, and by the M/V MISS DIXIE, in the following non-exclusive respects:

a. Failing to provide a safe, seaworthy and properly maintained vessel appropriate to the responsibility undertaken by JRC;

b. Failing to properly maintain a vessel;

c. Failure to comply with the rules of the road;

d. Failing to exercise due care to avoid the collision;

e. Losing control due to a failure and/or malfunction of equipment aboard the vessel; and

f. All other negligent acts and/or omissions that will be shown at the trial of this action.

X.

On the aforementioned date, LMO had in effect a Bareboat Barge Sub-Charter Agreement ("BBSA") with Maritime Partners Services, LLC, dated January 26, 2008, pursuant to which LMO chartered Barges-005024, 005028, and 005495.

XI.

On the aforementioned date, LMO had in effect a Second Amendment to Bareboat Barge Sub-Charter Agreement with Maritime Partners Services, LLC, dated March 16, 2018, pursuant to which LMO chartered Barge-005492.

XII.

Pursuant to the terms of the aforementioned agreements, LMO was required to maintain and preserve the barges, in as good condition, working order and repair as when the barges were first delivered to LMO.

XIII.

As a result of the aforesaid collision, Barges-005024, 005028, 005492 and 005495 were damaged.

XIV.

As a result of the aforesaid collision, Maritime Partners has made demand upon LMO to have the barges repaired.

XV.

At all pertinent times, a Brokerage Agreement was in effect between LMO and JRC, which controlled the services and work being performed by the M/V MISS DIXIE.

XVI.

In the aforesaid Agreement, JRC agreed to protect, defend and indemnify LMO from and against all losses, damages and expenses, including reasonable attorney's fees and costs, which may be incurred by LMO due to damage to property relating to or arising from the obligations, work or services performed or to be performed by JRC under the Agreement.

XVII.

The Brokerage Agreement also provided that, in the event of any legal proceeding involving disputes arising under the terms of the Agreement and between the parties, the

prevailing party was entitled to recover its reasonable and necessary attorney's fees and cost incurred in successfully pursuing its claims and/or defenses.

XVIII.

As a result of the aforesaid collision and breach of contract by JRC Marine, Plaintiff has or may sustain damages, including but not limited to, repair costs for the barges, survey expenses, loss of use and/or charter hire, fleeting expenses, offloading expenses, etc.

XIX.

LMO has made demand on JRC for the above damages, to no avail.

XX.

Pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31301,, LMO has a maritime tort lien against the M/V MISS DIXIE, *in rem*, which it is asserting herein and is entitled to have this Court recognize and seeks judgment against the vessel herein for all damages, plus interest, cost and attorney's fees.

XXI.

In addition, JRC is liable to LMO, both in tort and in contract, for all damages sustained by LMO herein, including but not limited to, damage to the barges, repair cost, survey expenses, loss of use and/or charter hire, fleeting expenses, offloading expenses, etc., along with attorney's fees and costs.

**WHEREFORE,** plaintiff, Louisiana Marine Operators, LLC, prays that citation be issued and served upon defendant, JRC Marine, LLC in the form and manner prescribed by law, and that after due proceedings are had, judgment be entered in favor of Louisiana

Marine Operators, LLC and against JRC Marine, LLC, for all damages sustained herein, plus interest, cost and attorney's fees.

      Plaintiff further prays that its maritime tort lien against the the M/V MISS DIXIE, *in rem*, be recognized by the Court and seeks judgment against the vessel herein for all damages, plus interest, cost and attorney's fees and that the M/V MISS DIXIE, her engines, tackle, apparel, etc, be seized, condemned and sold to pay such sums, and for such other general and equitable relief as this Honorable Court deems proper.

      Respectfully submitted,

        s/Georges M. Legrand
      GEORGES M. LEGRAND, T.A. (Bar #8282)
      MARK E. HANNA (Bar #19336)
      TREVOR M. CUTAIAR (Bar #33082)
      Mouledoux, Bland, Legrand & Brackett
      701 Poydras Street, Suite 4150
      New Orleans, LA  70139
      Telephone:  504-595-3000
      Facsimile:   504-522-2121
      E-Mail:  glegrand@mblb.com;
      mhanna@mblb.com; tcutaiar@mblb.com
      **ATTORNEYS FOR PLAINTIFF,**
      **LOUISIANA MARINE OPERATORS, LLC**

**PLEASE SERVE:**
JRC Marine, LLC
Through its Registered Agent for service of process:
John Wesley Wauson
One Sugar Creek Center Blvd., Ste 880
Sugar Land, Texas 77478


United States Marshall, please seize:

M/V MISS DIXIE, Official No. 280525
Allied Shipyard, Inc.
310 Ledet Lane
Larose, Louisiana 70373