UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LOUISIANA MARINE OPERATORS, LLC**  **CIVIL ACTION**

**VERSUS**  **NO. 19-9302**

**JRC MARINE, LLC, ET AL.**  **SECTION: "H"**
(Applies to: 19-9302)

## ORDER AND REASONS

Before the Court is Plaintiff Louisiana Marine Operators, LLC's ("LMO") Motion for Partial Summary Judgment Regarding Liens (Doc. 186). For the following reasons, the Motion is GRANTED.

## BACKGROUND

This case arises out of a vessel collision that took place on the Mississippi River between the M/V Miss Dixie ("the Miss Dixie") and the M/V D&R Boney ("the D&R Boney") on February 13, 2019 at or near Nine Mile Point in New Orleans, Louisiana. At the time of the collision, LMO was a party to a Bareboat Barge Sub-Charter Agreement, which obligated LMO to maintain and preserve various barges. After some of the barges in LMO's care were damaged in the collision between the Miss Dixie and the D&R Boney, LMO brought this suit against the operator of the Miss Dixie, JRC Marine, LLC ("JRC"), *in personam*, and the Miss Dixie, *in rem*, for damages.

In its Third Amended Complaint, LMO added claims against Ranny Fitch, the owner and managing member of JRC. LMO alleges that Fitch has filed a Notice of Claim of Lien with the United States Coast Guard National Vessel Documentation Center against numerous barges, asserting a lien in the amount of $4,000,000.00 for unpaid services. LMO alleges that the lien is fraudulent and invalid and asks that it be declared null and void and be stricken from the record of the United States Coast Guard National Vessel Documentation Center. LMO now moves for summary judgment on its claim regarding the lien asserted by Fitch. Fitch opposes.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[2] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden

---

[1] FED. R. CIV. P. 56.
[2] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[3] *Id.* at 248.
[4] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).

2

shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[7] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

Under the Commercial Instruments and Maritime Liens Act ("CIMLA"), a person may obtain a maritime lien against a vessel by providing it with "necessaries."[10] It states, in relevant part, that "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner . . . has a maritime lien on the vessel [and] may bring a civil action in rem to enforce the lien."[11] The Fifth Circuit has advised that the provisions of the

---

[5] Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[7] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[10] 46 U.S.C. §§ 31301–31343.
[11] 46 U.S.C. § 31342(a)(1), (2).

CIMLA should be applied "stricti juris to ensure that maritime liens are not lightly extended by construction, analogy, or inference."[12]

The Notice of Claim of Lien at issue identifies Ranny Fitch as the claimant and asserts a lien in the amount of $4,000,000.00 for labor, unpaid towing wages, unpaid fuel, and unpaid barge material against 21 barges and vessels. LMO moves for summary judgment on its claim that the lien asserted by Fitch is invalid pursuant to the CIMLA.[13]

First, LMO points out that the Notice of Lien identifies Fitch as the claimant—not JRC. It argues that Fitch does not have a personal lien against the vessels because he did not perform any services for the vessels. Fitch admits that he does not have a personal lien but contends that he intended to file the Notice on JRC's behalf. Despite being on JRC letterhead, however, the Notice does not mention JRC and expressly identifies Ranny Fitch as the claimant. Accordingly, because Fitch is not a "person providing necessaries to a vessel," the lien is invalid.

Even assuming the lien had been properly filed in JRC's name, however, LMO points out that many of the items for which Fitch has claimed a lien have no legal support. Indeed, Fitch admits that that a lien in the amount of $4,000,000.00 would be "unenforceable for that amount," but suggests that the correct amount might be closer to $600,000.00. Accordingly, the lien as filed in the records of the United States Coast Guard National Vessel Documentation Center is indisputably invalid.

---

[12] Martin Energy Servs., L.L.C. v. Bourbon Petrel M/V, 962 F.3d 827, 831 (5th Cir. 2020).

[13] LMO also names JRC in its Motion. However, as Fitch points out, LMO's Complaint and Supplemental Complaints do not assert a claim regarding liens against JRC.

That said, this Court makes no finding as to whether JRC may have a lien against any of LMO's barges or in what amount. "A maritime lien is silent and need not be recorded in order to retain its vitality."[14] Indeed, "[t]he purpose of filing a § 31343 notice of lien with the U.S. Coast Guard is to afford notice to a subsequent purchaser or other third parties of the existence of the filer's claim against the vessel."[15] Because JRC has not sought to enforce any lien, this Court will not make a finding thereto.

Finally, LMO requests attorney's fees and costs for defending against the lien. Pursuant to 46 U.S.C. § 31343(c)(2), the prevailing party in a civil action to declare that a vessel is not subject to the notice of claim of lien may be awarded costs and attorney's fees unless the other party's position was substantially justified or other circumstances make an award of costs and attorney's fees unjust. Here, Fitch makes very little attempt to justify the lien as filed. Indeed, he admits that it is unenforceable in the amount filed, yet he refused LMO's request to amicably release the liens prior to the filing of this Motion. Accordingly, LMO is entitled to reasonable attorney's fees and costs for defending against Fitch's baseless lien.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**.

**IT IS ORDERED** that the Notice of Claim of Lien filed by Ranny Fitch in the amount of $4,000,000.00 against Barges 005006, 005024, 005028, 005030, 005032, 005426, 005492, 005495, 005496, 005497, MM-3506, MM-

---

[14] RSDC Holdings, LLC v. M.G. Mayer Yacht Servs., Inc., 429 F. Supp. 3d 246, 259 (E.D. La. 2019) (quoting Puerto Rico Ports Auth. v. Barge KATY-B, 427 F.3d 93, 104 (1st Cir. 2005)).

[15] *Id.*

5

3510, MM-3518, MM-3519, MM-3526, MM-3535, MM-3539 and MM-3543 is invalid and is **STRICKEN** from the records of the United States Coast Guard National Vessel Documentation Center.

**IT IS FURTHER ORDERED** that Fitch shall pay reasonable attorney's fees and costs to LMO for its defense of the aforementioned lien. The calculation of the award of attorney's fees and costs is **REFERRED** to the magistrate judge.

Signed this 6th day of April 2021, in New Orleans, Louisiana.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**