UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LOUISIANA MARINE OPERATORS, LLC**          CIVIL ACTION

**VERSUS**                                   No. 19-9302
                                             c/w 20-3387

**JRC MARINE, LLC, ET AL.**                  SECTION: "H"

### ORDER AND REASONS

Before the Court is Plaintiff Louisiana Marine Operators, LLC's ("LMO") Motion to Sever All Claims Against Defendant Ranny Fitch (Doc. 235). For the following reasons, the Motion is **GRANTED**.

### LAW AND ANALYSIS

On April 8, 2021, this Court received notice that Defendant Ranny Fitch ("Fitch") had filed for personal bankruptcy. On May 6, 2021, the Court held a telephone status conference wherein the parties discussed the possibility of severing the claims against Fitch. In response, the Court instructed the parties to file a motion setting forth the appropriate legal grounds upon which this Court could grant the requested relief. In conformity with this Court's instruction, LMO has filed the instant Motion to Sever All Claims Against Defendant Ranny Fitch. The Motion is unopposed.

Federal Rule of Civil Procedure 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." "Severance under Rule 21 . . . occasionally is appropriate in action in which venue is improper to some but

1

not all defendants. If the claims are separable, the court may cure the venue defect by severing the claims against those parties who raise valid venue defenses."[1] The court may refuse severance, however, where it "only will result in delay, inconvenience, or added expense."[2] In all cases, the court "has wide discretion to sever a claim."[3]

Here, LMO asks the Court to sever the claims against Fitch in light of Fitch's bankruptcy filing. Under the Bankruptcy Code, the filing of a petition in bankruptcy automatically stays:

> (1) the commencement or continuation . . . of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.[4]

"The purpose of the automatic stay is to give the debtor a 'breathing spell' from his creditors, and also, to protect creditors by preventing a race for the debtor's assets."[5] As Fitch has filed such a petition, the claims against him are automatically stayed. LMO now argues, however, that the staying of the claims against Fitch does not automatically stay the remaining claims against Defendant JRC Marine, LLC ("JRC"), and this Court can allow those claims to proceed by severing the claims against Fitch. The Court agrees.

The remaining claims in this action are primarily asserted against JRC—a limited liability company of which Fitch is the alleged sole owner. Nevertheless, LMO contends that because JRC is a separate legal entity, the

---

[1] 7 FED. PRAC. & PROC. § 1689, Westlaw (database updated April 2021). *See also* In re Rolls Royce Corp., 775 F.3d 671, 680 n. 40 (5th Cir. 2014).
[2] 7 FED. PRAC. & PROC. § 1689, Westlaw (database updated April 2021).
[3] *In re Rolls Royce Corp.*, 775 F.3d at 680.
[4] 11 U.S.C. § 362(a)(1).
[5] Matter of Commonwealth Oil Ref. Co., Inc., 805 F.2d 1175, 1182 (5th Cir. 1986) (citations omitted).

stay against Fitch does not *de facto* extend to JRC.[6] Moreover, LMO asserts that, under Louisiana law, JRC's status as a limited liability company shields Ranny Fitch from incurring individual liability as the company's sole member.[7]

Having reviewed the relevant law, this Court agrees with LMO that severance is proper in this case. "The automatic stay of the bankruptcy court does not divest all other courts of jurisdiction to hear every claim that is in any way related to the bankruptcy proceeding."[8] Thus, "district courts retain jurisdiction to determine the applicability of the stay to litigation pending before them, and to enter orders not inconsistent with the terms of the stay."[9] In this case, allowing LMO to proceed against JRC will not run contrary to the purpose of the automatic stay as Fitch will not be held individually liable for any fault found by JRC. Further, this Court has not been provided with any evidence that Fitch's bankruptcy filing has been extended to JRC or that JRC has filed its own bankruptcy petition. Finally, this Court finds that, under Federal Rule of Civil Procedure 21, severance is proper in this case as the claims against Fitch have been substantially litigated, and it is in the interest

---

[6] *See* Wedgeworth v. Fibreboard Corp., 706 F.2d 541, 544 (5th Cir. 1983) ("[T]he protections of § 362 neither apply to co-defendants nor preclude severance."); In re Sheu, No. 1-09-439929DEM, 2009 WL 1794473, at *1 (Bankr. E.D.N.Y. June 16, 2009). In *In re* Sheu, the United States Bankruptcy Court for the Eastern District of New York found that courts have "rarely extended the stay" in cases where the debtor is an individual seeking extension of the stay to a "wholly owned non-debtor entity." *Id.* at *2. The court further found that such extensions are rare even where the debtor is the sole shareholder of the non-debtor entity. *Id*. In so finding, the *In re Sheu* court reasoned that "[i]n forming a separate entity, the debtor revealed his intent to treat the [entity] as distinguishable from himself." *Id*.

[7] *See* In re Mendy, No. 02-16708, 2003 WL 21488654, at *3 (E.D. La. June 20, 2003) ("Mendy argues that as a guarantor and member of Mendy Properties, a limited liability company, she received consideration for the obligations due to Regions. Mendy's problem is that this argument is in direct contradiction with Louisiana law. Under Louisiana law, a limited liability company is a legal entity separate from its members.").

[8] Picco v. Glob. Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990).

[9] *Id*.

of judicial efficiency that the remaining parties be permitted to proceed with the litigation.

## **CONCLUSION**

For the foregoing reasons, LMO's Motion to Sever is **GRANTED**.

**IT IS ORDERED** that the claims against Ranny Fitch are hereby **SEVERED**.

**IT IS FURTHER ORDERED** that the Case Manager shall hold a Scheduling Conference with all remaining parties, except for Ranny Fitch, and issue a new Scheduling Order.

New Orleans, Louisiana this 3rd day of August, 2021.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**